ROLAND SACKETT *vs.* JOHN A. MALLORY, Jun.

A testator, after giving pecuniary legacies to eight of his children in full of their respective portions of his estate, devised to his other children, C. and R., all his real estate in fee, upon condition that neither of them should make any claim upon his estate, and that if either of them should make such claim, he should have no right under the will : C. made a claim upon the testator's estate, which was paid by the executor. *Held* that C. and R. took the real estate as tenants in common, upon a condition subsequent, by breach of which C. forfeited his moiety thereof under the will, and that the same descended to the testator's heirs at law.

TRESPASS *quare clausum fregit.* The plaintiff claimed title to the *locus in quo* under the will of his father, Ezra Sackett, which was duly proved and allowed in June 1834, and which contained this clause : " All the real estate which I own I hereby give, devise and bequeath unto my two sons, Charles Sackett, and Roland Sackett" (the plaintiff,) "to be holden by them, their heirs and assigns forever, after all my debts and legacies shall have been paid ; but upon this condition, that no claim shall be made by the said Charles or the said Roland, or their heirs, executors or administrators, or either of them, against my estate, after my decease ; and if either of them shall make any claim, the one making the claim shall have no right by virtue of this will. " The testator also, by said will, authorized his executors to sell so much of his real estate as should be necessary to pay his debts and legacies, if his personal property should not be sufficient for that purpose. To his eight other children the testator bequeathed small pecuniary legacies, declaring the same to be in full of their respective portions of his estate.

It was agreed by the parties, that said Charles Sackett made a claim against the estate of the testator, and that it was paid by the executors from the proceeds of the testator's real estate sold by them under the authority therefor contained in said will. It was also agreed that if, by making such claim, said Charles forfeited his whole interest in the testator's real estate, and the same vested in the plaintiff, the defendant should be defaulted ; but that the plaintiff should become nonsuit, if the interest in said real estate, which was devised to said Charles, descended

to the testator's heirs at law, or did not vest wholly in the plaintiff.

*Blair*, for the plaintiff, cited *North* v. *Crompton*, 1 Chan. Cas. 196. *S. C.* 1 Eq. Cas. Ab. 272. Bac. Ab. Wills, F. *Anderson* v. *Parsons*, 4 Greenl. 486.

*Leonard*, for the defendant.

DEWEY, J. The effect of that clause in the will of Ezra Sackett, under which the question now before us is raised, was to vest in Charles Sackett and Roland Sackett, as tenants in common, all the real estate of the testator which should remain after the payment of his debts and legacies, to be held by them upon a condition subsequent, by a breach of which the estate devised to either might be forfeited.

That the estate vesting in these devisees was held by them as tenants in common and not as joint tenants, cannot admit of a doubt. By the provisions of *St.* 1785 c. 62, §4, all devises of any lands which shall be made to two or more persons, shall be taken to be estates in common and not in joint tenancy, unless it shall be therein said that the devisees shall have or hold the same lands in joint tenancy, or to them and the survivors of them, or unless other words be therein used, clearly and manifestly showing it to be the intention of the devisor that such lands should vest and be held as joint estates, and not as estates in common. It is not declared in this devise, that the devisees shall hold the lands devised to them as joint tenants, nor are there other words in the will clearly and manifestly showing it to be the intent of the testator that they should be thus holden.

This question may be well considered under another state of facts, in which the case might have presented itself for adjudication. Suppose there had been no breach of the condition, and no forfeiture of the estate of either, but, subsequently to the vesting of the estate under this devise, one of the devisees had deceased; what would have been the rights of the survivor? Could he, as against the heirs at law of the deceased devisee, claim the whole estate by survivorship? Was such a result in the contemplation of the testator, or is it in conformity with the provisions of our statute regulating joint tenancy? In the case

supposed, I apprehend no doubt could be entertained, but that the estate would descend to the heirs at law of the deceased devisee. But if this estate is to be taken to be a joint tenancy to any purpose, it must be to all, and the consequence of survivorship must attach to it in case of the death of one of these devisees, after they became seized of the estate. This devise is in its legal effect precisely the same as if the testator had devised an undivided moiety of his real estate, remaining after the payment of his debts and legacies, to Charles, under the same conditions which are attached to this devise, and had, in a distinct clause, devised the other undivided moiety of his real estate to Roland, also under conditions like those annexed to this devise.

By the terms of the devise to Charles Sackett and Roland Sackett, there was a contingent remaining interest, in the land, which might by possibility revert to the estate of the testator. Charles Sackett, by reason of his breach of the condition, has forfeited his estate under the will, and his interest in the land reverting to the estate of the testator must pass to the heirs at law as intestate property, unless some provision is found in the will devising the same to some one or more devisees. The plaintiff insists that the obvious intent of the devisor must have been, that upon the failing of either of these devisees to hold the estate devised to them respectively, by reason of a breach of the condition annexed to this devise, it should be taken to be a sole devise, or that the devisee who had complied with the conditions should, under the will, be held to succeed to the estate reverted by the forfeiture; and it is said that this construction only can do justice to the plaintiff, inasmuch as the effect of a non-compliance, by one of the devisees, with the condition attached to the devise, is directly to increase the amount of debts chargeable upon the real estate, and thus lessen materially the value of the residuary devise to the other. Such, it is obvious, may be the effect, and thus will be produced a very different result in the distribution of this estate, from that which would have occurred, if both the devisees had taken and held their moieties under the will. This presents a strong equitable view of the

case in favor of the plaintiff, and it is very possible that such a result might be more in accordance with what would have been the declared wish of the testator, if he had foreseen the happening of the event of the forfeiture of the share of Charles Sacket, and had proceeded to dispose of the estate that would thus revert. But the difficulty in the plaintiff's case is, that the testator omitted to make any disposition, by his will, of the estate which might revert by reason of the breach of the condition annexed to the devise to Charles Sackett. In the devise, the testator plainly provides that the making of any claim against his estate by Charles Sackett shall forfeit his right under the will ; but he omits to add, either expressly or by reasonable implication, that in such an event the whole residuum of his real estate is devised to Roland Sackett. Not being disposed of by any provision in the will, the estate which has thus reverted is intestate estate, and as such is to be distributed among the heirs at law.

It was urged in the argument for the plaintiff that the estate in controversy could not properly be the subject of distribution among the heirs at law generally, as undevised estate, without doing violence to the provisions of the will ; as the testator, in relation to his other heirs at law, in the small specific legacies given to them, has recited that the same was to be in full of their portion of his estate. This provision in the will is doubt less entitled to much consideration in giving a construction to the other clauses therein, when their meaning is ambiguous and open to such construction ; but it does not in itself operate to estop the legatees from claiming their share of any undevised estate that may descend to them as heirs at law of the testator.

Some reliance was placed upon the case of *Anderson* v. *Parsons*, 4 Greenl. 486, a case in which certainly a very liberal view was taken in favor of a joint tenancy and right of survivorship, as arising under a devise. Without expressing any opinion upon the question there presented, it is sufficient for the present purpose to say that we do not feel warranted in coming to the same result upon the facts stated in the case now before

us ; and that, for the reasons already stated, the plaintiff cannot maintain his title, as sole owner, to the land conditionally devised to himself and Charles Sackett.

*Plaintiff nonsuit*